In the Matter of the Claim of JOHN BRILLI, Respondent, against JOSEPH BRILLI et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award made by the Workmen's Compensation Board for periods of disability. Claimant was employed as a butcher in a retail meat market. His regular duties required him to wait on customers and to cut and sell portions of meat as the same were ordered by customers. On January 23, 1950, and while he was engaged in the regular course of his work he suffered a heart attack in the nature of a coronary thrombosis, which caused the disability. The board has found that he was subjected to unusual extra exertion and strain on that occasion in picking up a forequarter of beef that weighed over 100 pounds and

attempting to place it on a hook. The claimant himself testified directly as to this incident and explained that his duties did not ordinarily require him to lift quarters of beef; that this work was ordinarily done by other employees. Appellants argue in this court that claimant's description of his accident should be disregarded because, among other things, it was inconsistent with the testimony of his brother; that no report of the accident was made either to the board or the carrier for approximately fourteen months; that claimant did not mention the accident to his physician; that the referee disallowed the claim, and that one of three board panel members dissented from the final determination. We think all of these matters have only to do with the weight of the testimony, and we cannot say that claimant's testimony was incredible as a matter of law. We have no power otherwise and cannot compel the rejection of his testimony as a matter of weight. On the basis of claimant's testimony the board could find the injury accidental in nature. Appellants also argue orally that the Workmen's Compensation Board improperly excused·the failure of claimant to give written notice· of the injury within thirty days after the accident on the ground that the employer had not been prejudiced thereby. The employer in his first report of injury fixed the date of claimant's accident and disability as of January 23, 1950, the date when claimant alleges that he suffered the heart attack. He also admitted in this report that he knew of the accident the same day it happened. Whether or not he considered it an accident, of course, is beside the point, but in any event there is nothing in the record to indicate the employer was prejudiced by claimant's failure to give written notice of the injury within thirty days after the accident. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Imrie, JJ., concur.